FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 DEC -5 AM 11:52
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL LEE NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-188 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Michael Lee Neal ("Plaintiff"), proceeding *pro se*, appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I.     BACKGROUND

Plaintiff applied for SSI on August 9, 2007, alleging an onset date of August 4, 2007. Tr. ("R."), pp. 37, 81-85. The Social Security Administration denied Plaintiff's application initially, R. 37, and on reconsideration, R. 38. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on October 23, 2009. R. 21-36. Plaintiff, who was informed about his right to representation but chose to proceed *pro*

*se*, testified on his own behalf at the hearing. R. 23-36. The ALJ also heard testimony from Richard Smith, a Vocational Expert ("VE"). R. 31-36, 160. On March 5, 2010, the ALJ issued an unfavorable decision. R. 12-20.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since August 9, 2007, the application date (20 C.F.R. § 416.971 *et seq.*).[1]

2. The claimant has the following severe impairments: acute and chronic gouty arthritis (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work,[2] except he can frequently drive, operate foot controls, climb, balance, handle and finger objects, and reach in all directions and occasionally stoop, kneel, crouch, and crawl. Further, the claimant can tolerate frequent exposure to humidity and occasional

---

[1] At the hearing, Plaintiff testified that he continued working after his alleged onset date. See R. 25-28. The ALJ was unable, however, to "ascertain whether this work constituted substantial gainful activity," and thus deferred "a definitive finding." R. 14.

[2] "Light work" is defined as work that involves

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

> exposure to hazards, extreme temperatures, and vibrations. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).
>
> 5. Considering the claimant's age, education, work experience, RFC, and the testimony of the VE, there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as: small objects assembler, optical goods assembler, toy and sports equipment assembler, and cashier II (20 CFR §§ 416.969 and 416.969a). The claimant has not been under a disability, as defined in the Social Security Act, from August 9, 2007, the date the application was filed, through March 5, 2010 (20 CFR § 416.920(g)).

R. 14-19. When the Appeals Council ("AC") denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g).[3] Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision.

Contrary to the Court's instructions (see doc. no. 8, pp. 1, 3), Plaintiff has neither cited authority in support of his position nor specifically stated the issues presented for review. However, giving a liberal construction to Plaintiff's *pro se* brief,[4] the Court concludes that Plaintiff is arguing that (1) new evidence should be considered which was not presented at the administrative level, and (2) the ALJ's decision is not supported by substantial evidence in the record. (See doc. no. 9 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's application for SSI was

---

[3] The final decision of the Commissioner in SSI cases is "subject to judicial review as provided in section 405(g) . . . ." 42 U.S.C. § 1383(c)(3).

[4] In its Briefing Order, the Court directed Plaintiff to "serve and file a brief setting forth all errors which Plaintiff contends entitled him to relief" within 30 days. (Doc. no. 8, p. 3.) Plaintiff then filed a document entitled "Answer to Order" within the 30-day time limit (see doc. no. 9), which the Court, in an Order dated March 27, 2012, construed as Plaintiff's brief. (See doc. no. 10.) Plaintiff also filed a response to the Commissioner's brief, which the Court has construed as his reply brief. (See doc. no 12.)

3

supported by substantial evidence and should be affirmed. (See doc. no. 11 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner's decision even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in

4

the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions is not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. New Evidence

There is a threshold issue in this case as to whether the Court may consider new evidence not included in the administrative record that Plaintiff has attached as exhibits to his brief. The evidence consists of reports from Plaintiff's visits with an optometrist and an ophthalmologist in March 2012 and from two visits from late 2011 where Plaintiff was diagnosed with joint pain and degenerative joint disease, as well as an apparent print-out of Plaintiff's treatment history.[5] Pl.'s Br., pp. 2-7; doc. no. 12 (hereinafter "Pl.'s Reply Br."), pp. 2-5. The Commissioner persuasively contends that the new evidence cannot be considered by the Court in determining whether substantial evidence supports the

---

[5]Plaintiff also included treatment notes from October 7, 2009, where he was diagnosed as having "[r]ecurrent left elbow swelling." See Pl.'s Br., p. 8. These treatment notes were in the record before the ALJ, however. See R. 425.

Commissioner's decision and that the new evidence does not warrant remand for further consideration at the administrative level. Comm'r's Br., pp. 8-9.

First of all, to the extent Plaintiff is attempting to rely on this new evidence to suggest that the Commissioner's final decision is not supported by substantial evidence, a reviewing court may not consider new evidence that was not submitted at the administrative level in making such a determination. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007); see also Wilson v. Apfel, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (*per curiam*) (evidence attached to appellant's brief not properly before the court) (citing Cherry v. Heckler, 760 F.2d 1186, 1193 (11th Cir. 1985) (noting general principle that court's review is limited to certified record)); Walters v. Barnhart, 184 F. Supp. 2d 1178, 1185 (M.D. Ala. 2001) ("The plaintiff submits to the Court medical records which she did not present to the ALJ or the [AC] in support of her disability claim. These records are not part of the administrative record for review by this court . . . . Consequently, this court has no jurisdiction to evaluate this new evidence in the first instance.")

Rather, the Court may only consider new evidence not submitted at the administrative level to determine whether remand is appropriate under sentence six of § 405(g). See Ingram, 496 F.3d at 1267 (noting that "settled precedents establish that a sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review"). Sentence six of § 405(g) authorizes the Court "to remand a case: 'upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" Jackson v. Chater, 99 F.3d 1086, 1092 (11th Cir. 1996) (quoting 42 U.S.C. § 405(g)); see

also Reynolds v. Comm'r of Soc. Sec., 457 F. App'x 850, 853 (11th Cir. 2012) (*per curiam*) ("The sixth sentence of 42 U.S.C. § 405(g) provides that a reviewing court may remand a Social Security case to the agency for consideration of new evidence that previously was unavailable."). Specifically, in order to demonstrate that remand is appropriate, a claimant must show that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." Enix v. Comm'r of Soc. Sec., 461 F. App'x 861, 865 (11th Cir. 2012) (*per curiam*) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).

Here, the Court does not find that the new evidence warrants a remand pursuant to sentence six because it is not "material" – "that is, relevant and probative so there is a reasonable possibility that it would change the administrative result." Id. Notably, to be material, new evidence must relate to the time period under consideration by the ALJ. See id. Moreover, new evidence is not material where it fails to indicate that any new restrictions or limitations have been placed on the claimant. See Magill v. Comm'r of Soc. Sec., 147 F. App'x 92, 96 (11th Cir. 2005) (*per curiam*).

Plaintiff has submitted treatment notes from visits with an optometrist and an ophthalmologist in March 2012, where he was diagnosed with "glaucoma suspect," as well as notes from two "Emergency Dept." visits in late 2011 where Plaintiff was diagnosed with joint pain and degenerative joint disease. Pl.'s Br., pp. 2-7. Plaintiff fails to explain, however, how these treatment notes, which considerably post-date the ALJ's decision, relate to the period under consideration by the ALJ – August 9, 2007 through March 5, 2010. The

notes themselves provide little factual detail and do not purport to relate back in time to the period under consideration. For this reason alone, these notes are not material. See Enix, 461 F. App'x at 865. Moreover, these brief treatment notes do not reflect that any limitations were imposed on Plaintiff. See Magill, 147 F. App'x at 96. Finally, with respect to glaucoma, the Court also notes that Plaintiff did not allege any problems with his vision at the administrative level, see R. 91, further undercutting any argument that treatment notes for vision problems would have reasonable possibility of changing the administrative result. For these reasons, the Court does not find that any of these treatment notes are material.[6]

In sum, none of the new evidence proffered by Plaintiff may be considered to determine whether the Commissioner's final decision is supported by substantial evidence. Nor does any of the evidence merit remand pursuant to sentence six. The Court will accordingly exclude such evidence from consideration.[7]

### B. The ALJ's Decision Is Supported by Substantial Evidence

Having resolved the threshold issue regarding the new evidence, the Court turns to the ALJ's decision. As a preliminary matter, to the extent Plaintiff requests that the Court revisit the issue of disability, the Court will not do so. As stated above, a determination as to whether

---

[6]In his reply brief, Plaintiff also provides what appears to be a computer-generated list of his medical history "from 2007 thru Feb 16, 2012." Pl.'s Reply Br., pp. 2-5. However, the entries on the list do not even provide what treatment was sought or provided. An illustrative entry reads as follows: "Urgent Care MD NOTE: October 07, 2009." (Id. at 4.) As this list provides no information about Plaintiff's medical condition from which the Court could conclude that it would have had any impact on the ALJ's decision, it is not material and thus does not warrant remand.

[7]The Court notes, however, that Plaintiff is free to file a new application for SSI if he believes he can establish either that conditions the ALJ considered have worsened or if new conditions have resulted in his disability since the date of the ALJ's decision. See Wilson, 179 F.3d at 1279 n.5.

there is substantial evidence in the record to support fact findings in a social security disability case does not involve reweighing evidence, trying issues *de novo*, or substituting the Court's judgment for that of the Commissioner. Without any specific enumerations of error, the Court is limited to scrutinizing the record in its entirety to determine whether substantial evidence supports the Commissioner's findings and whether the law has been correctly applied. 42 U.S.C. § 405(g).

In essence, Plaintiff contends that the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence because Plaintiff suffers from the following conditions:

(1) "Osteoarthritis nos-unsepec Gout-Arthritis-Bursitis"
(2) Calculus of the kidney
(3) "CHR Airway Obstruction Nec"
(4) "Anxiety State nos"
(5) Elevated blood pressure
(6) Bell's Palsy
(7) Hypertension
(8) Depressive disorder
(9) Dermatophytosis of the nail
(10) Degenerative joint disease
(11) Acute otitis media
(12) Left inguinal hernia "1989"
(13) Two toe surgeries "1986 and 1988"[8]

Pl.'s Br., p. 1. The Commissioner, on the other hand, contends that the ALJ properly evaluated the evidence in the record and that the ALJ's ruling is supported by substantial evidence. See Comm'r's Br., pp. 2-8. The Court finds that the Commissioner has the better argument.

In his decision, the ALJ found that Plaintiff's acute and gouty osteoarthritis were severe impairments, but that the remainder of impairments alleged by Plaintiff at the administrative level – kidney stones, hypertension, bronchitis, Bell's palsy, an alleged "stroke," and

---

[8]Plaintiff also lists "Abnormal findings nec," but he does not provide any explanation about how this is a condition that affects him. Furthermore, Plaintiff also lists glaucoma, which is discussed supra. See Part III. A.

9

depression – were not severe. R. 14-15, 91. The ALJ concluded that Plaintiff was not disabled because he had the residual capacity to perform work at the light exertional level. R. 16. Upon review of the record, the Court concludes that these findings are supported by substantial evidence.

### 1. ALJ's Findings Regarding Plaintiff's Non-Severe Impairments

The Court will first address the ALJ's findings that several of Plaintiff's alleged impairments were not severe. A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 416.921(a). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that the impairments he lists in his brief significantly affect his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). Plaintiff's burden is not a heavy one, however, as "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with [his] ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*) (citing McDaniel, 800 F.2d at 1030).

First, Plaintiff alleges that calculus of the kidney, an airway obstruction, and Bell's Palsy limit his ability to work. Pl.'s Br., p. 1. The ALJ noted, however, that while the record showed that Plaintiff had experienced five episodes of kidney stones since May 2005, there was no evidence suggesting that the kidney stones imposed any limitation or "routinely interrupt[ed] the flow of the claimant's days." R. 14 (citing R. 186-87, 191, 197, 200, 307, 407). With respect to Plaintiff's alleged airway obstruction, the ALJ relied on the finding of

10

Fredrick C. House, M.D., that Plaintiff's breathing problems consisted of no more than "mild weezing [sic]" and that there was "no clinically significant airway obstruction" in Plaintiff's medical history. R. 15 (citing R. 475.) Similarly, regarding Plaintiff's Bells Palsy, the ALJ credited Dr. House's observations that Plaintiff's speech and hearing were "normal," that his uncorrected vision was 20/25, and that there were only "minimal residual" effects of the Bell's Palsy. R. 15 (citing R. 474-75). The record in no way contradicts the ALJ's findings concerning these impairments.

Plaintiff also alleges that hypertension and elevated blood pressure limit his ability to work. Pl.'s Br., p. 1. At Dr. House's examination on February 1, 2010, however, Plaintiff's blood pressure was 132/90, and Dr. House noted Plaintiff's hypertension was "treated." R. 474. The ALJ thus concluded that Plaintiff's hypertension was controlled with medication, R. 15 (citing R. 474), and the medical record in no way undermines the ALJ's conclusion. Accordingly, substantial evidence supports the ALJ's finding that Plaintiff's blood pressure did not impose a severe impairment. See Gibbs v. Barnhart, 130 F. App'x 426, 431 (11th Cir. 2005) (*per curiam*) (concluding that, where substantial evidence supported ALJ's finding that impairment was controlled with medication, substantial evidence also supported ALJ's finding that impairment was not severe).

Finally, Plaintiff alleges that he is unable to work because of the mental impairments of anxiety and depression. The ALJ's determination that Plaintiff does not have a severe mental disorder, however, is supported by substantial evidence in the record.[9] Title 20, Code of Federal Regulations, Section 416.920a sets forth a "special technique" to be followed in the

---

[9]The ALJ simply referred to Plaintiff's "depression," R. 15-16, as that was what Plaintiff alleged in his initial disability report, see R. 91. The ALJ followed the analysis applicable to all mental disorders, however, as discussed infra.

11

analysis of mental impairments. The ALJ must first evaluate the degree of functional limitation resulting from the impairment. If he finds the impairment severe, he then must determine whether the impairment meets or is equivalent in severity to a listed mental disorder. If the impairment is not a listed disorder, then the ALJ must evaluate the claimant's residual functional capacity. 20 C.F.R. § 416.920a.

In evaluating the severity or degree of functional limitation resulting from a mental impairment, the ALJ considers four functional categories and rates the degree of functional limitation in each category. Those categories include activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation.[10] Id. § 416.920a(c)(3). In rating the first three functional categories, an ALJ classifies the degree of limitation as "none," "mild," "moderate," "marked," or "extreme." In rating the decompensation category, the ALJ classifies the limitation as "none," "one or two," "three," and "four or more." Id. § 416.920a(c)(4). If the ALJ finds the degree of limitation in the first three categories to be "none" or "mild" and the degree of limitation in the fourth category to be "none," the ALJ "will generally conclude that [the] impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation on [the] ability to do basic work activities." Id. § 416.920a(d)(1).

In this case, the ALJ determined plaintiff's functional limitation in the categories of daily activities and concentration, persistence, or pace to be "mild," and found no limitation in social functioning and no evidence of decompensation episodes, based on Plaintiff's

---

[10]Episodes of decompensation are "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4).

testimony at the hearing and his function report. See R. 15-16 (citing R. 122-27). The ALJ also noted that the record did not reflect Plaintiff had sought mental healthcare, except for one instance of asking the VA for psychotropic medication. R. 16. Finally, the ALJ correctly noted that where Plaintiff's mental health was addressed in his medical record, it showed that he was stable on his medication. R. 16 (citing R. 450.). The ALJ's finding that Plaintiff's alleged mental impairments were not severe is thus supported by substantial evidence. See Reynolds v. Comm'r of Soc. Sec., 457 F. App'x 850, 852 (11th Cir. 2012) (*per curiam*) (ALJ's finding that depression was not severe was supported by substantial evidence where medical evidence showed it was expected to be treatable, plaintiff failed to testify to any limitations imposed by the condition, and ALJ employed "special technique" in analyzing it).

Accordingly, substantial evidence supports the ALJ's findings that the aforementioned impairments were not severe.

### 2. ALJ's RFC Finding

The Court will next consider the ALJ's finding regarding Plaintiff's RFC. Because the record lacked a medical source statement detailing the extent of Plaintiff's limitations, the ALJ referred Plaintiff to Dr. House for an evaluation on February 1, 2010. R. 17, 473-86. Dr. House noted that Plaintiff had normal range of motion in his back and all of his joints and that he was able to ambulate without a cane. R. 475, 478, 483-84. Dr. House also estimated that Plaintiff could frequently lift and carry up to twenty pounds, and that Plaintiff could stand for six hours total and walk for five hours total in an eight-hour work day. R. 477-78. Dr. House further found upon examination that Plaintiff could frequently reach in all directions and handle and finger objects, as well as frequently operate foot controls with both feet. R. 479. While Dr. House found that Plaintiff could frequently climb and balance, he found that

Plaintiff could only occasionally stoop, kneel, crouch, and crawl. R. 480. Finally, Dr. House found that Plaintiff could frequently operate a motor vehicle and tolerate humidity and wetness, but could only occasionally tolerate exposure to the following: unprotected heights; moving mechanical parts; dust, odors, fumes, and pulmonary irritants; extreme cold and heat; and vibrations. R. 481.

Finding Dr. House's assessment to be credible, the ALJ incorporated his findings about Plaintiff's limitations into his residual functional capacity by limiting Plaintiff to light work with the qualifications discussed above. R. 18 (citing R. 475, 477-80, 483-84.) While Dr. House noted that Plaintiff had multiple ailments – chronic gouty arthritis, kidney stones, mild wheezing, mild chronic depression, and minimal residual left Bell's Palsy – he did not state that Plaintiff had any limitations aside from those incorporated into the ALJ's RFC finding. See R. 473-86. Moreover, there is no additional medical evidence in the record showing that Plaintiff's impairments limit his functioning in any additional manner.[11] The ALJ's finding regarding Plaintiff's RFC is thus supported by substantial evidence.[12] Accordingly, the Court

---

[11] Indeed, in assessing Plaintiff's RFC, the ALJ also noted that Plaintiff had continued working during the period of alleged disability. An ALJ may properly consider evidence of Plaintiff's work activity during the relevant time period to determine his RFC. See Kestler v. Astrue, No. 2:10-cv-00220-DNF, 2011 WL 4005898, at *10 (M.D. Fla. Sept. 9, 2011) (citing 20 C.F.R. § 416.971). First, the ALJ noted that Plaintiff reported to Dr. House on February 1, 2010 that he had recently "dismantled a mobile home." R. 17 (citing R. 473). Moreover, Plaintiff testified at the hearing that he performed work as a security guard and completed other odd jobs during the period of alleged disability. R. 26-27. Indeed, at the hearing, Plaintiff agreed that he would be able to work if he found the right job. See R. 35. Substantial evidence thus supports the ALJ's conclusion that Plaintiff "seemed to attribute his inability to work more to lack of employment opportunity rather than some disability." R. 17.

[12] The Court notes that Plaintiff listed several other conditions in his brief that were not considered by the ALJ: dermatophytosis of the nail, degenerative joint disease, recurrent left elbow swelling, acute otitis media nos, left inguinal hernia (in 1989), and two toe surgeries (in 1986 and 1988). Pl.'s Br., p. 1. Plaintiff did not contend that any of these conditions were disabling in his initial disability report at the administrative level, however. See R. 91.

14

finds that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence in the record and should not be disturbed.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 5th day of December, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

Moreover, as the Commissioner persuasively contends, this list only shows at most that Plaintiff has been diagnosed with these conditions. Comm'r's Br., p. 9. Evidence of a diagnosis alone does not establish a functional limitation. See Moore v. Barnhart, 405 F.3d 1206, 1213 n.6 (11th Cir. 2005) (*per curiam*) (noting that the "mere existence" of impairments does not reveal the extent to which such impairments limit a claimant's ability to work); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."). There is simply no evidence in the record showing that Plaintiff suffered limitations because of any of these conditions, nor has Plaintiff offered any explanation in his brief for how he is limited by them.

15